Mr. Chief Justice Bingham
delivered the opinion of the court:
The plaintiff, on the 13th day of January, A. D., 1887, caused an attachment to issue from the circuit against the' defendant. The officers served the writ on Watson J. Newton as garnishee, and attached credits of the defendant in his hands. The garnishee in proper time answerei as follows:
“ I did not, at the time of the service of the said writ, and I have not at any time since, and I have not now any goods, *561 chattels, or credits in my possession or under my control, I have certain goods, chattels and credits of the creditors of the defendant-by virtue of an absolute assignment to me by the defendant dated December 31, 1886, recorded in liber 1222, folio 2437 of the land records of the District of Columbia on the 3d day of January, 1887, in their favor without priority, and to which the plaintiff is entitled to a fro rata share with other creditors and from the proceeds of the sale of some of said goods, chattels and credits of the said creditors.
I have now in my hands money to a larger amount than the judgment and costs obtained by the plaintiff against the said William R, McLeaD, applicable to a pro rata dividend.”
Upon the hearing of a motion for a judgment of condemnation in favor of the plaintiff against the garnishee for an amount sufficient to satisfy a judgment theretofore recovered by the plaintiff against the defendant McLean, the garnishee introduced in evidence an instrument of assignment, of which the following is a copy in so far as the same is material to this case:
“This indenture, made this 31st day of December, in the year of our Lord 1886, by and between William R. McLean, party of the first part, and Watson J. Newton as trustee, party of the second part, both of the city of Washington, District of Columbia: Witnesseth, That whereas, the said party of the first part, is indebted unto divers persons in various sums of money which he conceives himself at present unable to pay in full and is therefore desirous to convey all his estate, real, personal and mixed, for the benefit of all his creditórs without preference or priority. Novo therefore, In consideration of the premises aforesaid, and further, the sum of one dollar in lawful money of the United States to him in hand paid, etc., has granted, bargained, etc., to have and to hold, etc., but in trust and confidence, nevertheless, to sell and dispose of the said real estate and personal propérty; using reasonable discretion in the time and modes of selling the same, so as to realize the best prices therefor; *562 and to collect and receive the said debts and chóses in actions and to apply the proceeds after payment of the expenses, costs and charges incurred and due by reason of t,he execution of this trust, including a compensation to the trustee of a commission usually allowed in the equity court in cases of sales by trustees, to the payment in full of all the debts due and owing by the said party of the first part, without priority or preference. And if the proceeds should be inadequate so to do, then to pay the debts aforesaid pro rata, without priority or preference except as aforesaid; provided that no person shall be entitled to be admitted a creditor under these presents, unless he shall file with or give notice of his claim to the said party of the second part before final dividend, and then only to the extent of any sum in the hands of the trustee for the further dividend under pro rata proviso as aforesaid, and lastly, to pay the remainder, if any, to said William B. McLean, his executors, administrators or assigns,” etc. Extract from schedule attached.
“And all the other property of any hind or description, whether enumerated in this schedule or intended to be so in order to constitute an absolute and legal assignment for the benefit of his creditors.”
Judgment was rendered in favor of the plaintiff against the garnishee, and the garnishee appealed.
It is claimed by the plaintiff that the deed of assignment executed by McLean to Newton is fraudulent and void as against the former’s creditors, because, as he claims, there is a reservation to the assignors in a contingency of a portion of the fund.
It is argued that the provision in the assignment that “ If the proceeds should be inadequate so to do, then to pay the debts aforesaid pro rata, without priorty or preference, except as aforesaid; provided, that no person shall be entitled to be admitted a creditor under these presents, unless he shall file with or give notice of his claim to the said party of the second part before dividend, and then only to the extent of any sum in the hands of the trustee for the further dividend under pro rata proviso as aforesaid, and lastly, to *563 pay the remainder, if any, to said William B. McLean, his .executors, administrators or assigns,” etc., furnishes the opportunity to work out such a result, especially if the assignee be disposed to act in collusion with the assignor; that no provision is made for notice to creditors to present their claims, nor time fixed for the first or subsequent dividends that it would be possible for a dishonest assignee, by not giving fair notice and by declaring a dividend in a few days after the assignment, and if the estate was readily convertible into money soon thereafter, to declare a final dividend, thereby paying some creditors in full, excluding others entirely, and notwithstanding the insolvency of the estate, reserve a portion of it for the assignor.
We think that the presumptions are that the estate is to be honestly administered upon by the' assignee, and in accordance with law, and that reasonable notice will be given to creditors and a fair opportunity afforded to them to present their claims by the assignee in executing his trust: By the first clause of the instrument of assignment the assignor declares that the assignment is made “for the benefit of all his creditors without preference or priority.” In the discretion which he gives as to paying his creditors in the event of the solvency of the estate, he provides for “the payment in full of all the debts due and owing” by him “without priority or preference.”
It is only in the event of the insolvency of the estate and upon failure to present his claim after reasonable notice, that a tardy or negligent creditor is postponed for the benefit of the diligent creditor.
It will be observed that there is nothing in this deed which attempts to work out, or require a release of the assignor from any part of the debt that he may owe to any creditor, which may remain unpaid. We think the fair interpretation of this instrument of assignment is that the assignee would only be authorized to return to the assignor a residue of the fund after he had paid in full all of the creditors of the assignor that he may have information of after due notice and a reasonable lapse of time. That the *564 assignee may return a residue of the fund to the assignor under such circumstances we think is well established. The claim in this instrument requiring the assignee to return any balance to the assignor imposes no other or different duty upon him than the law would demand of him had this clause been omitted. The debt of any creditor not paid because unknown to the assignee would remain against the assignor.
Under proper restrictions equity, as well as law, favors the diligent; and especially will equity favor reasonable regulations for the prompt settlement of trust estates. This construction we think is sustainable upon well settled equitable principles. Surely, the plaintiff who seeks-to have his debt paid in full, upon the assertion of a strictly legal claim, is not entitled to other favors as against the equity of all the creditors to be paid pro rata from the fund of this insolvent estate. Brashear vs. West, 7 Pet., 613; Ward vs. Tingley, 4 Sandf. Ch., 478-480; Marbury vs. Brooks, 7 Wheat., 556.
Judgment of condemnation reversed. Judgment in favor of the garnishee for costs.